UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JACKSON,

        Petitioner,

v.                                        CASE NO. 07-13833
                                            HONORABLE LAWRENCE P. ZATKOFF

C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING HABEAS CORPUS PETITION WITH PREJUDICE

This matter is pending before the Court on petitioner Michael Jackson's habeas corpus petition under 28 U.S.C. § 2241 and respondent C. Eichenlaub's Motion to Dismiss the habeas petition as moot. Petitioner was a federal inmate at the Federal Correctional Institution in Milan, Michigan, when he initiated this case. His habeas petition challenged a federal policy to limit an inmate's placement in a Residential Re-entry Center ("RRC") to the last six months or the final 10% of his sentence. Petitioner claimed that this policy conflicts with a congressional directive to apply the factors enumerated in 18 U.S.C. § 3621(b) when determining whether to place an inmate in an RRC. Petitioner also claimed that the regulations interpreting § 3621(b) are invalid. Respondent argues that the issue of Petitioner's placement in an RRC is moot because Petitioner has been released from custody.

Article III of the United States Constitution extends judicial power to cases and controversies. *See* U.S. Const. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable

judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983 ) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990) (citations and internal quotation marks omitted). If an event occurs that makes it impossible for a court to effectuate relief, the case must be dismissed. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). "Federal courts lack jurisdiction to decide moot cases . . . ." *Heckler*, 464 U.S. at 70 (citing *Dfunis v. Odegaard*, 416 U.S. 312, 316 (1974)).

Records maintained by the Federal Bureau of Prisons on its official website (www.bop.gov) indicate that Petitioner was released from custody on June 6, 2008. The Court lacks power to act because there is no injury to be addressed and nothing for the Court to remedy, even if it were disposed to do so. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). Courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id*. Accordingly, Respondent's Motion to Dismiss [Dkt. 9] is **GRANTED**, and the petition for a writ of habeas corpus [Dkt. 1] is **DISMISSED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2008

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 4, 2008.

S/Marie E. Verlinde  
Case Manager  
(810) 984-3290
